UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLIE M. CABRERA, | |
|     Petitioner, | Case No. 2:14-cv-02162-JCM-GWF |
| vs. | **ORDER** |
| DWIGHT NEVEN, et al., | |
|     Respondents. | |

    Petitioner has paid the filing fee. The court has reviewed his petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to do two things. First, he must file an amended petition on the correct form. Second, he must show cause why the court should not dismiss this action as untimely.

    Petitioner is in custody pursuant to a judgment of conviction of a state court. Consequently, 28 U.S.C. § 2254 is the governing statute for his habeas corpus petition. Petitioner has used a form for a petition pursuant to 28 U.S.C. § 2241. This form does not contain all the information that the court needs. The court will give petitioner the opportunity to file an amended petition on the correct form.

    Given that 28 U.S.C. § 2254 is the governing statute, this action appears to be untimely.

    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624. The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

The court takes judicial notice of the on-line docket of the Eighth Judicial District Court of the State of Nevada in <u>State v. Cabrera</u>, Case No. C-11-271634-1.¹ The court takes judicial notice of the on-line dockets of the Nevada Supreme Court in <u>Cabrera v. State</u>, Case No. 61114,² and in <u>Cabrera v. State</u>, Case No. 67759.³ Pursuant to a plea agreement, petitioner was convicted of two counts of lewdness with a child under the age of 14. The judgment of conviction was filed on September 14, 2011. Petitioner did not appeal, and the judgment became final on October 14, 2011.

Petitioner filed his first state habeas corpus petition on March 23, 2012, 161 days after the judgment became final. The state district court denied the petition. Petitioner appealed, and the Nevada Supreme Court affirmed on April 10, 2013. Remittitur issued on May 9, 2013. The one-year period of 28 U.S.C. § 2244(d)(1) was tolled while the first state habeas corpus petition was pending. When the period resumed running, 204 days remained to file a federal habeas corpus petition. Petitioner did not file a federal petition, and he did not file any state petitions in that time, and the one-year period expired at the end of November 29, 2013.

Petitioner filed a motion for modification of sentence in state district court on August 27, 2014. This motion might have been capable of tolling the one-year period of § 2244(d)(1), but that period already had expired, and nothing was left to be tolled. <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003).

This court received petitioner's federal habeas corpus petition on December 18, 2014, more than 10 months after the one-year period of § 2244(d)(1) had expired.⁴ Consequently, petitioner will need to show cause why the court should not dismiss this action as untimely.

---

¹https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=8853499 (last visited May 28, 2015).

²http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=29280 (last visited May 28, 2015).

³http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=35966 (last visited May 28, 2015).

⁴Petitioner filed a second state habeas corpus petition on December 19, 2014. The second state petition does not affect the timeliness of this action because petitioner already had commenced this action.

1  Petitioner has filed a request for injunction and declaratory judgment (#6). The court denies
2 this request. The relief that he seeks is that which the court would give through the granting of the
3 habeas corpus petition, and the court has not yet determined whether it can grant the petition.

4  IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of
5 habeas corpus.

6  IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a
7 writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have
8 thirty (30) days from the date that this order is entered in which to file an amended petition. Neither
9 the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a
10 basis for tolling during the time period established. Failure to comply will result in the dismissal of
11 this action.

12  IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such
13 by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus
14 Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket
15 number, 2:14-cv-02162-JCM-GWF, above the word "AMENDED."

16  IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry
17 of this order to show cause why the court should not dismiss this action as untimely. Failure to
18 comply will result in the dismissal of this action.

19  IT IS FURTHER ORDERED that petitioner's request for injunction and declaratory
20 judgment (#6) is **DENIED**.

21  IT IS FURTHER ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General
22 for the State of Nevada, as counsel for respondents.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED: June 1, 2015.

_____
JAMES C. MAHAN
United States District Judge